**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

KH OUTDOOR, L.L.C., et al.,

                Plaintiffs,

vs.                                    Case No. 3:04-cv-214-J-32MCR

CLAY COUNTY, FLORIDA,

                Defendant.

**ORDER**[1]

Plaintiff KH Outdoor, L.L.C., an outdoor sign company, filed this suit on March 1, 2004 challenging Clay County's rejection of KH's outdoor sign applications on the grounds that the County's sign ordinance was unconstitutional. The sign ordinance was subsequently amended and, following a period of discovery and an unsuccessful effort to secure a preliminary injunction, KH was granted leave to amend its complaint to add two additional plaintiffs. On January 12, 2006 the Court issued a 25 page Order (Doc. 97) in which it mooted both parties' motions for summary judgment and dismissed the case for lack of subject matter jurisdiction, finding that plaintiffs' claims were moot. On July 30, 2007 the Eleventh Circuit issued as mandate its judgment affirming the Court's dismissal for lack of subject matter jurisdiction, finding that plaintiffs lacked standing. Doc. 113; KH Outdoor, L.L.C. v. Clay County, 482 F.3d 1299 (11th Cir. 2007).

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

This case is now back before the Court on defendant's Motion for Attorneys' Fees (Doc. 99) and plaintiffs' Motion for Judicial Review of Defendant's Bill of Costs (Doc. 101) and supporting memorandum (Doc. 102). Responses have been filed[2] (Docs. 104, 105, 106-Ex.1). Although the motions were filed shortly after the Court issued its January 12, 2006 Order, the Court deferred consideration pending the outcome of the appeal. These matters are therefore now ripe for decision.

Defendant moves for attorneys' fees on two grounds: first, that fees are awardable to defendant as a prevailing party under 42 U.S.C. § 1988 and second, that fees should be awarded as a sanction for plaintiffs' pursuit of a frivolous lawsuit. The Court finds that neither of these grounds are persuasive here. First, given the complexity of the law in this area (the Court notes, for example, that, notwithstanding its affirmance of the result, the Eleventh Circuit disagreed with the undersigned's analysis of the claims here), the Court is unable to make a finding that plaintiffs' pursuit of this litigation was "frivolous, unreasonable or without foundation" as required to award fees under § 1988. Head v. Medford, 62 F.3d 351, 355 (11th Cir. 1995). Even defendant does not contend that the entire lawsuit was frivolous, but, rather, that certain positions and actions plaintiffs took were without basis. However, given the interplay of the complex legal doctrines at issue here, the Court cannot agree.[3] Second,

---

[2] Defendant's motion for leave to file a reply brief on the attorneys' fee motion (Doc. 106), to which plaintiffs were opposed (Doc. 108), is **granted**; in ruling on the attorneys' fee motion, the Court has considered the arguments contained in defendant's reply brief attached to the motion. (Doc. 106-Exhibit 1).

[3] Because the Court finds no fee award is appropriate under § 1988, the Court has no occasion to address plaintiffs' argument that, because this case was dismissed for lack of subject matter jurisdiction, the Court never reached a decision on the merits and defendant

for these same reasons, the Court finds that attorneys' fees should not be awarded as a sanction. Defendant's motion for attorneys' fees (Doc. 99) is **denied**.

As for the motion on the Bill of Costs, plaintiffs do not dispute that costs are awardable, see 28 U.S.C. § 1919, but argue that they should be reduced by the approximate sum of $2,846.28. Having fully reviewed the parties' briefs on the issues and the material supporting the Bill of Costs, the Court finds that all the costs taxed were necessarily incurred in defending this litigation. 28 U.S.C. § 1924. Plaintiffs' motion for review of costs (Doc. 101) is **denied** and execution shall issue on the cost judgment entered by the Clerk on January 30, 2006 in the amount of $7,767.60 (Doc. 100), with post-judgment interest to accrue from that date.

**DONE AND ORDERED** at Jacksonville, Florida this 11th day of September, 2007.

TIMOTHY J. CORRIGAN
United States District Judge

s.

Copies:

counsel of record

---

cannot, therefore, seek recovery of fees as a prevailing party. See Association for Retarded Citizens of Connecticut, Inc., v. Thorne, 68 F.3d 547 (2nd Cir. 1995); but see Citizens for a Better Environment v. The Steel Company, 230 F.3d 923 (7th Cir. 2000).

3